```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

PJK FOOD SERVICE CORP.          *
t/a KEANY PRODUCE CO.
                                *
            Plaintiff
                                *
      vs.                              CIVIL ACTION NO. MJG-13-1014
                                *
PANACHE CUISINE, LLC., et al.
                                *
            Defendants
*     *     *     *     *     *     *     *     *
```

## DECISION RE: TEMPORARY RESTRAINING ORDER

The Court has before it Plaintiff's Emergency Motion for Temporary Restraining Order with Notice and Orders to Show Cause [Document 3] and the materials submitted by the parties relating thereto.

The Court has held a hearing, a recorded telephone conference. As set forth on the record thereof, Plaintiff sought to provide the defendants with notice of the hearing so as to afford them the opportunity to participate.  In view of the circumstances, the Court will proceed on the basis of the record before it but will do all possible to afford Defendants the opportunity to seek prompt reconsideration.

To obtain a Temporary Restraining Order, a plaintiff must make a clear showing:

    (1)   That it will likely succeed on the merits at trial;

    (2)        That it is likely to be irreparably harmed absent preliminary relief;

    (3)        That the balance of equities tips in its favor; and

    (4)        That an injunction is in the public interest.

Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009).[1]

On the evidence now of record, the Plaintiff has met its burden of establishing a significant likelihood of success on the merits by virtue of its being a creditor of Defendant Panache Cuisine, LLC ("Panache") under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c) and has not been paid as required by the PACA for produce supplied to Defendants in the amount of $167,435.70.

The potential for irreparable harm has been established by virtue of the likelihood that, absent preliminary relief, assets now subject to trust protection will be dissipated.

The balance of equities can include the Court's considering (1) any irreparable harm that would be sustained by Plaintiff if a TRO turns out to be erroneously denied against (2) any irreparable harm

---

[1] The court notes that Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342 (4th Cir. 2009), was vacated by the Supreme Court in Real Truth About Obama, Inc. v. Fed. Election Comm'n, --- U.S. ----, 130 S. Ct. 2371 (2010) for further consideration in light of Citizens United v. Fed. Election Comm'n, 558 U.S. 310 (2010), which dealt with First Amendment issues and not the standard for considering injunctive relief.

that would be sustained by the Defendant if a preliminary injunction or TRO turns out to be erroneously granted.  In the case at Bar it appears the balancing of hardships test clearly favors Plaintiff.  In view of the extremely limited duration of the relief afforded – taking into account Defendants' ability to obtain very prompt reconsideration - Defendants will sustain minimal permanent detriment from an erroneous TRO.  On the other hand, an erroneous denial will likely result in the dissipation of assets causing.

The Court concludes that there is nothing in the nature of the case rendering any "public interest" a material factor.

Under the circumstances, the Court concludes that in order to prevail, the Plaintiff must demonstrate a significant likelihood of success on the merits.

For the foregoing reasons:

1. Plaintiff's Emergency Motion For Temporary Restraining Order with Notice and Orders to Show Cause [Document 3] is GRANTED.

2. The Court shall issue a separate Order to Show Cause Why Preliminary Injunction Should Not Be Entered.

SO ORDERED, on <u>Friday, April 05, 2013</u>.

__/s/__
Marvin J. Garbis
United States District Judge